IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE STAND 'N SEAL,
PRODUCTS LIABILITY
LITIGATION

MDL DOCKET NO. 1804
ALL CASES

1:07 MD1804-TWT

OPINION AND ORDER

This is an action in which multiple personal injury actions are consolidated for

pretrial proceedings.  It is before the Court on the Defendant Innovative Chemical

Technologies, Inc.'s Motion for Summary Judgment [Doc. 558].  For the reasons set

forth below, the motion is denied.

I.  Background

This MDL proceeding arises out of multiple lawsuits filed by users of Stand 'n

Seal grout sealer ("SNS").  The Defendant Innovative Chemical Technologies, Inc.

("ICT") manufactured a component ingredient of SNS known as Flexipel S-22WS.

The Plaintiffs contend that the injuries that they sustained from the use of SNS were

caused by the inclusion of Flexipel in the product.  SNS was originally manufactured

with a component ingredient know as Zonyl.  In April 2005 the manufacturers of SNS

substituted Flexipel for Zonyl.  Almost immediately users of SNS began experiencing

respiratory problems from exposure to the product.  Ultimately all of the cans of SNS

containing Flexipel were recalled.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non movant.  Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-159 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

In this motion, the Defendant ICT contends that the five Plaintiffs listed in the motion used cans of SNS containing Zonyl and not Flexipel.  After careful review of the submissions of the parties, it appears that four of the five Plaintiffs used cans of SNS that have been discarded.  Therefore, they should have been included in the other pending Motion for Summary Judgment where the Court will address the issue of whether the Plaintiffs may rely upon circumstantial evidence to support their claim to

have used a can of SNS containing Flexipel.  The fifth Plaintiff has shown that the can of SNS that he used was from a batch containing Flexipel.  There are genuine issues of fact as to whether these Plaintiffs may recover against ICT.

## IV.  Conclusion

For the reasons set forth above, the Defendant ICT's  Motion for Summary Judgment [Doc.  558] is DENIED.

SO ORDERED, this 26 day of June, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge