IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE STAND 'N SEAL,
PRODUCTS LIABILITY
LITIGATION

MDL DOCKET NO. 1804
ALL CASES

1:07 MD1804-TWT

OPINION AND ORDER

This is an action in which multiple personal injury actions are consolidated for

pretrial proceedings.  It is before the Court on the Defendant Innovative Chemical

Technologies, Inc.'s Motion for Summary Judgment [Doc. 559].  For the reasons set

forth below, the motion is denied.

I. Background

This MDL proceeding arises out of multiple lawsuits filed by users of Stand 'n

Seal grout sealer ("SNS").  The Defendant Innovative Chemical Technologies, Inc.

("ICT") manufactured a component ingredient of SNS known as Flexipel S-22WS.

The Plaintiffs contend that the injuries that they sustained from the use of SNS were

caused by the inclusion of Flexipel in the product.  SNS was originally manufactured

with a component ingredient know as Zonyl.  In April 2005 the manufacturers of SNS

substituted Flexipel for Zonyl.  Almost immediately users of SNS began experiencing

respiratory problems from exposure to the product.  Ultimately all of the cans of SNS

containing Flexipel were recalled.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non movant.  Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-159 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

In this motion, ICT contends that the Plaintiffs identified in the motion cannot prove that they were exposed to SNS containing Flexipel.  The Plaintiffs generally fall into two categories.  One group of Plaintiffs used SNS but cannot identify the can identification number and threw away or destroyed the can.  The second group of Plaintiffs used more than one can of SNS but used or have in their possession a can of SNS containing Zonyl and not Flexipel.  The Plaintiffs must show that the product

2

or products that allegedly caused their injuries  were, in fact, manufactured or supplied by the Defendants in this case.  <u>Hoffman v. AC&S, Inc.</u>, 248 Ga. App. 608, 610-611 (2001).  ICT contends that the Plaintiffs identified in the motion cannot meet their burden of proving that they used cans of SNS containing Flexipel.  The Plaintiffs contend that they may rely upon circumstantial evidence to satisfy their burden of proof.  They requested a continuance in order to obtain individualized proof that they were exposed to SNS containing Flexipel.  I denied the request and directed the Plaintiffs to address the general question of whether the Plaintiffs could meet their burden of proof by circumstantial evidence.

In a diversity case, federal law provides the standard for granting or denying a motion for summary judgment or a motion for judgment as a matter of law at trial. <u>Daniels v. Twin Oaks Nursing Home</u>, 692 F.2d 1321, 1323 (11th Cir. 1982).  Under federal law, all inferences are permissible as long as they are reasonable.  <u>Id.</u>

> Under the modern case law applying a federal standard, a verdict based on circumstantial evidence is not infirm simply because the evidence supports an equally probable inference to the contrary. It is the jury that chooses among allowable inferences. The standard for determining whether an inference is allowable is generally whether it is a reasonable one, that is, whether it is one that "reasonable and fair-minded men in the exercise of impartial judgment" might draw from the evidence.

<u>Id.</u>  at 1326.

ICT has not presented clear and positive evidence that all of the Plaintiffs used

cans of SNS containing only Zonyl.  I am persuaded that the 67 Plaintiffs subject to this motion should be allowed to present individualized circumstantial evidence that they were exposed to cans of SNS containing Flexipel.  Such evidence could include testimony concerning the smell of the product.  It could include testimony as to the date and place of the purchase of the product.  The presentation of such individualized evidence by the Plaintiffs – and by ICT – should occur following remand to the transferor courts or before bellwether trials in this Court.

## IV.  Conclusion

For the reasons set forth above, the Defendant ICT's Motion for Summary Judgment [Doc.  559] is DENIED.

SO ORDERED, this 26 day of June, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge