IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE STAND 'N SEAL, PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1804 1:07-md-1804-TWT |
| HENRY GILLESPIE, et al., Plaintiffs, v. ROANOKE COMPANIES GROUP, INC., now known as BRTT, Inc., et al., Defendants. | CIVIL ACTION FILE NO. 1:07-CV-1162-TWT |

ORDER

This is a personal injury action. It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 43]. For the reason stated below, the motion is granted.

I. Summary Judgment Standard

Summary judgement is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgement as a matter of law. Fed. R. Civ. P. 56(c).

The court should view the evidence and any inferences that may be drawn in the light most favorable to the non movant. Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-159 (1970). The party seeking summary judgement must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## II. Discussion

This is one of the personal injury cases involving the Stand 'n Seal grout sealer. The Plaintiffs contend that they were injured when the manufacturer of the product substituted Flexipel for the product component Zonyl. It is undisputed that (1) the substitute chemical Flexipel was used in only 19 batches of Stand 'n Seal and that (2) all other batches of Stand 'n Seal contain the original chemical, Zonyl, which the Plaintiffs concede is non-harmful and not the cause of any plaintiff's alleged injuries. The Plaintiffs and the Defendants agree that cans of Stand 'n Seal containing Zonyl are not the cause of any plaintiff's alleged injuries and should not be pursued.

The Defendants, Roanoke Companies Group, Inc., Home Depot U.S.A., Inc., and Aerofil Technology move for summary judgment in this case involving two of the Plaintiffs, Henry and Lindsey Gillespie. Mr. Gillespie has passed away since the

litigation began. Prior to his death, both he and his wife represented that they had used only two cans of the sealer with batch number A30424. This batch number contained only Zonyl. In addition, the Defendants contend that Mr. Gillespie, in his Plaintiff Profile Form ("PPF"), indicated that he used only two cans, and that the cans contained batch number A30424. Furthermore, Mrs. Gillespie echoed these facts in her deposition.[1] Therefore, the Defendants are entitled to summary judgment as to their claims.

III. Conclusion

The Defendants' Motion for Summary Judgment [Doc. 43] is GRANTED.

SO ORDERED, this 6 day of August, 2008.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[1] Although the Plaintiffs do attach an affidavit from their attorney, Joseph Gibson, alleging that Mr. Gillespie referenced a "third can," on one occasion, this hearsay evidence is inadmissible to prove that there was a third can. See Federal Rule of Civil Procedure 56(e)(1) (requiring that affidavits opposing motions for summary judgment "be made on personal knowledge," and "set out facts that would be admissible in evidence"). Furthermore, it is inconsistent with Mr. Gibson's PPF stating that only two cans were involved. In other words, it is blatantly contradicted by record evidence. See Scott v. Harris, 127 S. Ct. 1769, 1777 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").